■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; MARA RITA TIMOURIAN, Respondent. [59 NYS3d 924]—

Per Curiam. Respondent was admitted to practice by this Court in 2006 and lists a business address in Denver, Colorado with the Office of Court Administration. By January 2014 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1054 [2014]; *see* Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent now moves for her reinstatement (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]), and petitioner advises, by correspondence from its Chief Attorney, that it does not oppose the motion.

Any attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension and the Rules of this Court, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public's interest to reinstate the attorney to practice in New York (*see Matter of Attorneys in Violation of Judiciary Law § 468-a [Craven]*, 151 AD3d 1373 [2017]; *Matter of Attorneys in Violation of Judiciary Law § 468-a [Ostroskey]*, 151 AD3d 1377 [2017]; *Matter of Edelstein*, 150 AD3d 1531 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Furthermore, a reinstatement applicant must also provide, as a threshold matter, certain required documentation in support of his or her application (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, Appendices C, D).

Concerning the documentation submitted in support of respondent's application, given that her suspension has been in effect for more than three years, respondent appropriately completed the form affidavit contained in Appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (*see* Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a] [2]), and such affidavit is properly sworn to (*compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway]*, 152 AD3d 951 [2017]). In addition, respondent has provided proof that she has, within one year of filing her application for reinstatement, successfully taken the Multistate Professional Responsibility Examination, as is required for attorneys who have been suspended for more than six months (*see* Rules for Attorney Disciplinary Matters [22 NYCRR]

§ 1240.16 [b]). Respondent also provides documentation evidencing her completion of certain continuing legal education credits (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, Appendix C, ¶ 35) and has provided the Court with copies of relevant state and federal income tax returns (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, Appendix C, ¶ 27). Finally, respondent provides a completed affidavit attesting to her compliance with the rules applicable to suspended attorneys (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15; part 1240, Appendix C, ¶ 21) and, given her attestation that she has not practiced in New York since her admission in this state, she appears to be in compliance with the terms of this Court's 2014 order of suspension (113 AD3d at 1021).

As to respondent's character and fitness, she reveals that she is also admitted to practice in New Jersey and she provides a certificate reflecting her good standing in that jurisdiction since 2004 and as of April 2017 (*cf.* Rules of Ct of Appeals [22 NYCRR] § 520.10 [a]). She served as a Public Defender for the State of New Jersey for more than a decade and attests that, with the exception of the instant suspension, she has not been professionally disciplined in New York or New Jersey. Furthermore, given respondent's responses to inquiries on her form affidavit (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, Appendix C, ¶¶ 22, 30-32), as well as her recent licensure by a Colorado state agency following a rigorous application process (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, Appendix C, ¶ 28), we conclude that respondent has established, by clear and convincing evidence, her character and fitness to practice law in New York (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]).

As to the requirement that respondent's reinstatement be shown to be in the public interest, we have recently held that this test may be satisfied with proof "that no detriment would inure to the public by reason of the attorney's return to practice and that his or her reinstatement would be of some tangible benefit to the public" (*Matter of Sullivan*, 153 AD3d 1484, 1484 [2017]). Given the nature of the misconduct underlying respondent's suspension and her otherwise clean disciplinary history, and mindful of her considerable experience representing indigent persons as a public defender, we find that respondent's reinstatement is in the public interest. Accordingly, respondent's motion for reinstatement is granted, and she is reinstated to the practice of law in New York, effective immediately.

McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ., concur. Ordered that the motion for reinstatement by respondent is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.