Per Curiam.
 

 Respondent was admitted to practice by this Court in 2000 and lists a business address in the United Kingdom with the Office of Court Administration. By January 2014 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1022 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent now moves for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]), and petitioner advises, by correspondence from its Chief Attorney, that it defers to our discretion in disposition of the motion.
 

 As a threshold matter, a suspended attorney seeking reinstatement in New York must apply by form affidavit prescribed in Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, and must submit certain other documentation in support of that application (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Squires], 153 AD3d 1511, 1512 [2017]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1514 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, Appendices C, D). Here, respondent appropriately completed the requisite form affidavit (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a] [2]), and such affidavit is properly sworn to (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951 [2017]). However, respondent has not evidenced that she has, within one year of filing her application for reinstatement, successfully taken the Mul-tistate Professional Responsibility Examination (hereinafter MPRE) (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Instead, respondent requests a waiver of the MPRE requirement due to her separation from practice since 2007 and the fact that, as a parent living overseas, “it would be financially and logistically cumbersome” for her to take the MPRE.
 

 In order to establish good cause for an MPRE waiver (see Matter of Cooper, 128 AD3d 1267 [2015]), a suspended or disbarred attorney should provide facts that assure this Court that additional MPRE testing would be unnecessary under the circumstances. For example, proof of analogous professional responsibility course work or retraining in the attorney’s home jurisdiction might, under the proper circumstances, justify a waiver. Here, however, given respondent’s complete separation from the practice of law for more than a decade, as well as her admission that she has not completed any continuing legal education credits during her time away from the law, respondent has not provided the assurances necessary to justify a waiver of the MPRE requirement. Accordingly, since respondent has not submitted the documentation required as a threshold matter, her application must be denied on that basis.
 

 Peters, P.J., Garry, Lynch, Rose and Clark, JJ., concur.
 

 Ordered that the motion for reinstatement by respondent is denied.