Matter of Attorneys in Violation of Judiciary Law § 468-a. (Alimanova) (2019 NY Slip Op 06845)

Matter of Attorneys in Violation of Judiciary Law 468-a. (Alimanova)

2019 NY Slip Op 06845

Decided on September 26, 2019

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2019

PM-143-19

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Ainagul Zhalgasbaevna Alimanova, Now Known as Ainagul Wilkinson, Respondent. (Attorney Registration No. 3901394)

Calendar Date: September 9, 2019

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Ainagul Wilkinson, London, United Kingdom, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2000 and now lists a business address in London, United Kingdom with the Office of Court Administration. By January 2014 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 beginning in 2004 (113 AD3d 1020, 1022 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent now moves, by application marked returnable September 9, 2019, for her reinstatement in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). Petitioner advises, by September 6, 2019 correspondence, that it defers to our discretion in the disposition of respondent's motion.[FN1]
Inasmuch as respondent has established, by clear and convincing evidence, her satisfaction of the three-part test applicable to attorneys seeking reinstatement from disciplinary suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1514 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]), respondent's motion should be granted. Cognizant of the duration of her suspension, respondent appropriately completed the requisite form affidavit (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C), and, within her application materials, respondent attests to having successfully and timely completed the Multistate Professional Responsibility Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law §
468-a [Alimanova], 156 AD3d 1223, 1224 [2017]). Further, although respondent did not timely attest to her compliance with the order of suspension and Rules of this Court (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]), she has cured that defect in her instant motion papers; there, she attests that, since she has ceased practicing law altogether since 2007 — prior to her 2014 suspension — she had no clients to notify, no fees to collect and no client property to distribute at the time of her suspension. We therefore find sufficient assurances in the record that respondent has consistently been in compliance with the order of suspension and this Court's rules.
We also conclude that respondent has established her character and fitness for the practice of law. In that regard, we note her good standing since 2004 as a solicitor of the Senior Courts of England and Wales. Further, respondent attests that, since the imposition of the instant suspension, she has not had any licenses revoked (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 29), been the subject of any governmental investigations (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 31), had any adverse interactions with the criminal justice system (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 30) or suffered from any condition that would impact her ability to practice law (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 32). She also attests to her ability and intent to conform her conduct to the Rules of Professional Conduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 33), and establishes her otherwise clean disciplinary record (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 12, 14).
Finally, we conclude that the public interest would be served by respondent's reinstatement. Given the relatively benign nature of her misconduct, respondent's reinstatement is not likely to cause a detriment to the general public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d at 1515). On the public benefit side of the equation (see Matter of Sullivan, 153 AD3d 1484 [2017]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Squires], 153 AD3d 1511, 1513 [2017]), we take note of respondent's career service in the field of international development, including her work with the United States Agency for International Development and the European Bank, and her expressed intention to return to this type of work. We accordingly grant respondent's motion.
Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: Noting no open claims against respondent, The Lawyers' Fund for Client Protection likewise takes no position on respondent's motion.