<HTML>

<HEAD>

<TITLE>Matter of Attorneys in Violation of Judiciary Law §468-a (D'Alessandro) (2019 NY Slip Op 53961)</TITLE>

<STYLE>

BODY {

font-family : "Times New Roman", Times, serif;

font-size : larger;

}

P {

line-height: 150%;

text-indent: 2em

}

</STYLE>

</HEAD>

<BODY bgcolor=#ffffff>

Matter of Attorneys in Violation of Judiciary Law 468-a (D'Alessandro)

2019 NY Slip Op 53961

Decided on November 27, 2019

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

<DateLine type="decided" mdy="11272019">Decided and Entered: November 27, 2019</DateLine>

PM-212-19

[*1]In the Matter of Attorneys in Violation of Judiciary Law §468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Beth Anne D'Alessandro, Respondent. (Attorney Registration No. 2360139.)

<DateLine type="prior_case_filed">Calendar Date: October 15, 2019</DateLine>

Before: Garry, P.J., Egan Jr., Mulvey and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Beth Anne D'Alessandro, Jersey City, New Jersey, respondent pro se.

Beth Anne D'Alessandro, Jersey City, New Jersey, respondent pro se.

Per Curiam.

Respondent was admitted to practice by this Court in 1990. She lists a business address in New Jersey, her home jurisdiction, where she was previously admitted in 1977. By January 2014 order of this Court, respondent was suspended indefinitely from the practice of law for conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a since the 2006-2007 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1029 [2014]). After curing her registration delinquency, respondent initially sought her reinstatement in October 2018. As part of her application, respondent moved for a waiver of the Multistate Professional Responsibility Examination (hereinafter MPRE) requirement applicable to attorneys seeking reinstatement from disbarment or suspensions of more than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). In February 2019, we denied respondent's motion, determining that her proffered justification for a waiver of the MPRE requirement was insufficient because, although she had expressed her intention to resign immediately following her reinstatement, there was simply "no mechanism to ensure that she [would] follow[] through with her proposal" (169 AD3d 1349, 1351 [2019]).

Now, respondent moves for her reinstatement for a second time and, as

part of her application, again seeks a waiver of the MPRE requirement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). However, respondent also contemporaneously seeks an order granting her leave to resign for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22). Petitioner has opposed respondent's motion based, in part, on respondent's failure to provide the proper form affidavit for nondisciplinary resignation (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix E), and respondent has since submitted a supplemental affidavit addressing petitioner's concerns.[FN1]

In order to establish her entitlement to a waiver of the MPRE

requirement, which is essential to her reinstatement application, respondent must establish "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law §468-a [Alimanova], 156 AD3d 1223, 1224 [2017]). In considering her request, we note the dual purposes underlying the MPRE requirement for attorneys seeking reinstatement from long suspensions or disbarment — "reemphasiz[ing] the importance of ethical conduct to attorneys who have been subjected to serious public discipline, and [reassuring] the general public that such attorneys have undergone retraining in the field of professional responsibility" (Matter of Cooper, 128 AD3d 1267, 1267 [2015]). By seeking to simultaneously resign in conjunction with her motion for reinstatement, we find that respondent has effectively obviated the need for ethical retraining, as she will no longer be admitted to the practice of law in this state were we to grant her all of the relief that she has requested. Further, respondent does not seek reinstatement from serious public discipline; rather, she has cured her registration delinquency and merely seeks to resign from the bar in good standing. Accordingly, we find that the need to reemphasize the importance of ethical conduct in the future is diminished. For these reasons, we find that requiring respondent to undergo additional MPRE testing is unnecessary under the circumstances before us and we therefore grant her waiver request.

Turning to the remainder of her application, we find that respondent has

established by clear and convincing evidence that she has satisfied the three-part test applicable to attorneys seeking reinstatement from disciplinary suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [2019]). Respondent properly submits a duly-sworn form affidavit consistent with appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Further, she provides assurances in her affidavit that she has complied with the order suspending her and the relevant rules applicable to suspended attorneys; specifically, respondent notes that she has never practiced in New York, eliminating the need to contact any client, return client property or return any fees (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 15, 18). Finally, Office of Court Administration records demonstrate that respondent has cured her outstanding registration delinquency. Accordingly, we find that respondent's submissions provide sufficient indicia that she has fully complied with the order of suspension and this Court's rules.

As to her character and fitness, respondent attests to having no criminal

record other than two minor traffic infractions and further attests that, to her knowledge, she is not the subject of any governmental investigation (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 30, 31). She also attests that she has not been the subject of professional discipline, other than her current suspension, in this or any other jurisdiction (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 14). Finally, respondent provides proof that she is in good standing in her home jurisdiction of New Jersey as well as the United States District Court for the District of New Jersey. Based on the foregoing, we have determined that respondent has met her burden and demonstrated clearly and convincingly that she has the requisite character and fitness for reinstatement to the practice of law in this state.

Finally, we find that respondent's reinstatement would be in the public

interest. Considering the nature of her misconduct and her otherwise clean disciplinary history, we find that no detriment would inure to the public from her reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1515 [2017]). Further, we find that the public would benefit from reinstating an attorney with an otherwise clean disciplinary history in order for her to resign in good standing. We therefore grant respondent's motion in its entirety, reinstate her to the practice of law and immediately grant her application for nondisciplinary resignation.

Garry, P.J., Egan Jr., Mulvey and Pritzker, JJ., concur.<Head align="center">ORDERED that respondent's motion is granted; and it is further <Head align="center">ORDERED that respondent is reinstated as an attorney and counselor

at-law in the State of New York; and it is further

ORDERED that respondent's application for leave to resign is simultaneously granted and her nondisciplinary resignation is accepted; and it is further

ORDERED that respondent's name is hereby stricken from the roll of

attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further

ORDERED that respondent

is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further

ORDERED that respondent

shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.

Footnotes

Footnote 1: We recognize that respondent is currently not in good standing and, accordingly, she would not be eligible for nondisciplinary resignation until she is reinstated (see generally Matter of Cotta, 157 AD3d 1185, 1186 [2018]; Matter of Cluff, 148 AD3d 1346, 1346 [2017]). However, as her request for reinstatement is made contemporaneously with her request to resign, we necessarily must consider the relief sought together, noting that we may ultimately grant her request for nondisciplinary resignation as part of her motion, and that doing so provides the potential justification for a waiver of the MPRE requirement.

<FORM METHOD="LINK" ACTION="../../slipidx/aidxtable_3.shtml">

<INPUT TYPE="submit" VALUE="Return to Decision List">

</FORM>

</BODY>

</HTML>