<HTML>

<HEAD>

<TITLE>Matter of Attorneys in Violation of Judiciary Law §468-a (Sauer) (2019 NY Slip Op 08758)</TITLE>

<STYLE>

BODY {

font-family : "Times New Roman", Times, serif;

font-size : larger;

}

P {

line-height: 150%;

text-indent: 2em

}

</STYLE>

</HEAD>

<BODY bgcolor=#ffffff>

Matter of Attorneys in Violation of Judiciary Law 468-a (Sauer)

2019 NY Slip Op 08758

Decided on December 5, 2019

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

<DateLine type="decided" mdy="12052019">Decided and Entered: December 5, 2019</DateLine>

PM-214-19

[*1]In the Matter of Attorneys in Violation of Judiciary Law §468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Richard H. Sauer, Respondent. (Attorney Registration No. 2436038.)

<DateLine type="prior_case_filed">Calendar Date: November 12, 2019</DateLine>

Before: Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Richard H. Sauer, Medina, Washington, respondent pro se.

Richard H. Sauer, Medina, Washington, respondent pro se.

Per Curiam.

Respondent was admitted to practice by this Court in 1991 and was admitted to practice in Washington in 2000. He currently lists a business address in Pleasanton, California with the Office of Court Administration.

By January 2014 order of this Court, respondent was suspended from the

practice of law indefinitely for conduct prejudicial to the administration of justice arising from his failure to comply with the attorney registration requirements of Judiciary Law § 468-a since the 2007-2008 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1029 [2014]). After curing his registration delinquency in November 2014, respondent did not seek his reinstatement until this year, by motion marked returnable November 12, 2019. Petitioner has opposed respondent's motion based upon certain identified deficiencies,[FN1] and respondent has since submitted supplemental correspondence addressing petitioner's concerns.

All attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension and the Rules of this

Court, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public's interest to reinstate the attorney to practice in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Katz], 166 AD3d 1469, 1470 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). An applicant for reinstatement must also provide, as a threshold matter, certain required documentation in support of his or her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C).

Initially, given the length of his suspension, respondent properly submits

a sworn affidavit in the form set forth in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Notably, as part of his application, respondent has requested a waiver of the Multistate Professional Responsibility Examination (hereinafter MPRE) requirement applicable to attorneys seeking reinstatement from suspensions of more than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 169 AD3d 1349 [2019]). Significantly, "[t]he MPRE requirement serves two important purposes: it reemphasizes the importance of ethical conduct to attorneys who have been subjected to serious public discipline, and it also reassures the general public that such attorneys have undergone retraining in the field of professional responsibility" (Matter of Cooper, 128 AD3d 1267, 1267 [2015]). Accordingly, an applicant must demonstrate "good cause" for a waiver, which standard may be satisfied by providing assurances "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]).

Our review of the significant documentation provided by respondent

convinces us that a waiver of the MPRE requirement is appropriate in this case. Not only did respondent promptly cure his registration delinquency once he learned of his suspension in 2014, he has remained current to date. Additionally, he has submitted proof demonstrating his completion of numerous credit hours of continuing legal education, with 31 of those credit hours devoted to the subjects of ethics and professional responsibility. Respondent has also provided proof of his engagement in pro bono activities representing a vulnerable population. Under these circumstances, we agree that it is not necessary for respondent to undergo further MPRE testing, and we therefore grant his request for a waiver.

As for the remainder of respondent's application, we find that he has

established by clear and convincing evidence that he has satisfied the above three-part test applicable to attorneys seeking reinstatement from disciplinary suspension (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [2019]). Respondent has sufficiently demonstrated his compliance with the order of suspension. As to his character and fitness, respondent's application materials raise no cause for concern, inasmuch as he reports no criminal record and he further attests that he has not been the subject of any adverse disciplinary action or governmental investigation since his suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30, 31). Respondent also attaches certificates of good standing from the foreign jurisdictions where he is admitted (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 13). We further conclude that respondent's reinstatement would be in the public interest. Giving due consideration to the fact that respondent's misconduct does not raise any concerns regarding a possible detriment to the public, as well as his otherwise blemish-free disciplinary history, we find that no detriment would inure to the public from respondent's reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowski], 164 AD3d 1049, 1051 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1515 [2017]). We therefore grant respondent's motion and reinstate him to the practice of law in New York, effective immediately.

Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.<Head align="center">ORDERED that respondent's motion is granted; and it is further <Head align="center">ORDERED that respondent is reinstated as an attorney and counselor

at-law in the State of New York.

Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement application.

<FORM METHOD="LINK" ACTION="../../slipidx/aidxtable_3.shtml">

<INPUT TYPE="submit" VALUE="Return to Decision List">

</FORM>

</BODY>

</HTML>