Matter of Attorneys in Violation of Judiciary Law § 468-a (Ohm) (2020 NY Slip Op 03056)

Matter of Attorneys in Violation of Judiciary Law 468-a (Ohm)

2020 NY Slip Op 03056

Decided on May 28, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 28, 2020

PM-76-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Mira Taihi Ohm, Respondent. (Attorney Registration No. 4461208.)

Calendar Date: May 4, 2020

Before: Garry, P.J., Lynch, Devine, Pritzker and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Mira Taihi Ohm, Harrison, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2006. She was previously admitted in New Jersey, where she is in good standing, and presently lists a business address with the Office of Court Administration. Respondent was suspended from the practice of law by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 beginning in 2014 (Matter of Attorneys in Violation of Judiciary Law § 468, 172 AD3d 1706, 1744 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Upon curing her registration delinquency in November 2019, respondent, by application marked returnable on the adjourned date of May 4, 2020, now applies for her reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has opposed respondent's motion based upon certain identified deficiencies.[FN1]
All attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension and the Rules of this
Court, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public's interest to reinstate the attorney to practice in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Katz], 166 AD3d 1469, 1470 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). An applicant for reinstatement must also provide, as a threshold matter, certain required documentation in support of his or her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C).
Initially, given the length of her suspension, respondent properly submits a sworn affidavit in the form set forth in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). We note that respondent has requested a waiver of the Multistate Professional Responsibility Examination (hereinafter MPRE) requirement applicable to attorneys seeking reinstatement from suspensions of more than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 169 AD3d 1349 [2019]). Significantly, "[t]he MPRE requirement serves two important purposes: it reemphasizes the importance of ethical conduct to attorneys who have been subjected to serious public discipline, and it also reassures the general public that such attorneys have undergone retraining in the field of professional responsibility" (Matter of Cooper, 128 AD3d 1267, 1267 [2015]). Accordingly, an applicant must demonstrate "good cause" for the waiver, which standard may be satisfied by providing assurances "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]).
Our review of the documentation provided by respondent in support of her application convinces us that a waiver of the MPRE requirement is appropriate in this instance (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], 178 AD3d 1191, 1193 [2019]). Not only did respondent promptly cure her registration delinquency once she learned of her suspension, she has remained current to date. Additionally, she has submitted proof demonstrating her continuing legal employment as a criminal prosecutor, blemish-free disciplinary history in New Jersey and completion of numerous credit hours of continuing legal education devoted to legal ethics. Under these circumstances, we agree that it is not necessary for respondent to undergo further MPRE testing, and we therefore grant her request for a waiver.
As for the remainder of respondent's application, we find that she has sufficiently established by clear and convincing evidence that she has satisfied the above three-part test applicable to attorneys seeking reinstatement from disciplinary suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [2019]). Respondent has sufficiently demonstrated her compliance with the order of suspension. As to her character and fitness, respondent's application materials raise no cause for concern, inasmuch as she reports no criminal record and she further attests that she has not been the subject of any adverse disciplinary action or governmental investigation since her suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30, 31). Respondent also attaches a certificate of good standing from New Jersey (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 13), as well as a certificate of ethical conduct issued by that state. We further conclude that respondent's reinstatement would be in the public interest. Giving due consideration to the fact that respondent's misconduct does not raise any concerns regarding a possible detriment to the public, as well as her otherwise spotless disciplinary history, we find that no detriment would inure to the public from respondent's reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowski], 164 AD3d 1049, 1051 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1515 [2017]). We therefore grant respondent's motion and reinstate her to the practice of law in New York, effective immediately.
Garry, P.J., Lynch, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York.

Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement application.