<HTML>

<HEAD>

<TITLE>Matter of Attorneys in Violation of Judiciary Law §468-a. (Freedman) (2020 NY Slip Op 04366)</TITLE>

<STYLE>

BODY {

font-family : "Times New Roman", Times, serif;

font-size : larger;

}

P {

line-height: 150%;

text-indent: 2em

}

</STYLE>

</HEAD>

<BODY bgcolor=#ffffff>

Matter of Attorneys in Violation of Judiciary Law 468-a. (Freedman)

2020 NY Slip Op 04366

Decided on July 30, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

<DateLine type="decided" mdy="07302020">Decided and Entered: July 30, 2020</DateLine>

PM-98-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law §468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Jeffrey Michael Freedman, Respondent. (Attorney Registration No. 2004547.)

<DateLine type="prior_case_filed">Calendar Date: June 22, 2020</DateLine>

Before: Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Jeffrey Michael Freedman, Saratoga Springs, respondentpro se.

Per Curiam.

Respondent was admitted to practice by this Court in 1985 and presently lists a business address in Saratoga County with the Office of Court Administration. By January 2014 order of this Court, respondent was suspended from the practice of law indefinitely for conduct prejudicial to the administration of justice arising from his failure to comply with the attorney registration requirements of Judiciary Law § 468-a since the 2007-2008 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1029 [2014]). After initially curing his registration delinquency in January 2018, respondent did not seek his reinstatement until this year, by motion marked returnable on the adjourned date of June 22, 2020. Petitioner opposes respondent's motion based upon certain identified deficiencies.[FN1]

"All attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020] [citation omitted]; see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d 1221, 1222 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). An applicant for reinstatement must further provide, as a threshold matter, certain required documentation in support of his or her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C).

Initially, given the length of his suspension, respondent properly submits a sworn affidavit in the form set forth in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Respondent has also submitted the required threshold documentation in support of his application, including proof that he successfully completed the Multistate Professional Responsibility Examination, as is required for all attorneys seeking reinstatement following suspensions of six months or more (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Having reviewed the submitted materials and respondent's affidavit, we find that he has sufficiently established by clear and convincing evidence that he has satisfied the above three-part test applicable to attorneys seeking reinstatement from disciplinary suspension (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [2019]).

Respondent has sufficiently demonstrated his compliance with the order of suspension. As to his character and fitness, respondent's application materials raise no cause for concern, inasmuch as he reports no criminal record and he further attests that he has not been the subject of any adverse disciplinary action or governmental investigation since his suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30, 31). We further conclude that respondent's reinstatement would be in the public interest. Giving due consideration to the fact that respondent's misconduct does not raise any concerns regarding a possible detriment to the public, as well as his otherwise blemish-free disciplinary history, we find that no detriment would inure to the public from respondent's reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowski], 164 AD3d 1049, 1051 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1515 [2017]). We therefore grant respondent's motion and reinstate him to the practice of law in New York, effective immediately.

Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.

ORDERED that respondent's motion is granted; and it is further

ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement application.

<FORM METHOD="LINK" ACTION="../../slipidx/aidxtable_3.shtml">

<INPUT TYPE="submit" VALUE="Return to Decision List">

</FORM>

</BODY>

</HTML>