Matter of Attorneys in Violation of Judiciary Law § 468-a (Stone) (2021 NY Slip Op 03655)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Stone)

2021 NY Slip Op 03655

Decided on June 10, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 10, 2021

PM-81-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; John Alexander Stone, Respondent. (Attorney Registration No. 2143667.)

Calendar Date:March 15, 2021
Before:Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
John Alexander Stone, Hoboken, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1987. He was previously admitted in his home jurisdiction of New Jersey in 1985, where he currently resides and is a partner at a law firm. Respondent was suspended from the practice of law by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2015 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1755 [2019]). Having cured his longstanding registration delinquency in October 2020, respondent now moves for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes respondent's motion, and respondent has submitted two affidavits in reply in an attempt to address AGC's points in opposition.
As an initial matter, respondent has met the procedural requirements for reinstatement by submitting an affidavit in the form provided in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, along with the necessary documents for our review. Further, records from the Office of Court Administration demonstrate that respondent has cured his delinquency and is now current in his registration requirements. However, as part of his application, respondent seeks a waiver of the requirement that he take and pass the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year prior to applying for reinstatement, and we begin with the merits of his request (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]).
In determining whether a respondent has established good cause, we consider the purpose of the MPRE requirement itself, which is to "reemphasize[] the importance of ethical conduct to attorneys who have been subjected to serious public discipline, and . . . reassure[] the general public that such attorneys have undergone retraining in the field of professional responsibility" (Matter of Cooper, 128 AD3d 1267, 1267 [2015]; see Matter of Attorneys in Violation of Judiciary Law § 468-a [Holtz], 185 AD3d 1277, 1279 [2020]). In support of his waiver request, respondent has provided "proof of analogous professional responsibility course work or retraining in [his] home jurisdiction" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d at 1224). Specifically, respondent provides certificates evidencing his completion of additional continuing legal education (hereinafter CLE) credit hours in ethics and professionalism well beyond the requirements of his home jurisdiction. Considering respondent's CLE coursework along with his otherwise clean disciplinary history in the other jurisdictions in which [*2]he is admitted, as well the fact that respondent's suspension in this state resulted from misconduct of a lesser degree in severity, we find that a waiver is appropriate (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Giordano], 186 AD3d 1827, 1829 [2020]; cf. Matter of Sklar, 186 AD3d 1773, 1775 [2020]).
Turning to the merits of his application, we find that respondent has sufficiently met the requirements for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Kearney], 186 AD3d 972, 974 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). We further note that respondent has expressed his sincere remorse for his registration delinquency, providing a lengthy explanation as to the factors that led to him overlooking this statutory obligation and taking responsibility for his misconduct (see Judiciary Law § 468-a). Accordingly, we grant respondent's application and reinstate him to the practice of law in this state (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Breslow], 193 AD3d 1175, 1176-1177 [2021]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]).
Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ., concur
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effectively immediately.