Matter of Attorneys in Violation of Judiciary Law § 468-a (Seung Bum Choi) (2021 NY Slip Op 06912)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Seung Bum Choi)

2021 NY Slip Op 06912

Decided on December 9, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 9, 2021

PM-173-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Seung Bum Choi, Respondent. (Attorney Registration No. 4957528.)

Calendar Date:October 25, 2021
Before:Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Seung Bum Choi, Seoul, Korea, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2011 and lists a business address in Seoul, Korea, where he was admitted to practice in December 2020. Respondent was suspended from the practice of law by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning with the 2015-2016 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1716 [2019]). Having cured his longstanding registration delinquency in June 2021, respondent now moves for his reinstatement and the Attorney Grievance Committee for the Third Judicial Department advises that it opposes respondent's application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]).
We begin by noting that respondent's application largely fulfills the procedural requirements applicable to attorneys who have been suspended for a period of time exceeding six months. To this end, respondent has properly submitted an affidavit in the form provided in appendix C to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 along with the necessary exhibits. Further, Office of Court Administration records demonstrate that he has cured his delinquency and is now current in his registration requirements. However, respondent has not provided proof of successful passage of the Multistate Professional Responsibility Examination (hereinafter MPRE) (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]) and instead seeks a waiver, which this Court has previously granted upon a showing "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]). Having reviewed his request, we find that a waiver is appropriate under the circumstances. Respondent notes that he attended law school in Korea from March 2015 through February 2018, successfully completed the Korean bar examination and was eventually admitted to the practice of law in Korea in 2020. Respondent also notes that during his matriculation in law school in Korea, he passed the equivalent to the MPRE as part of his admission in that jurisdiction. Finally, we have considered that respondent's suspension resulted from misconduct of a lesser degree of severity, which mitigates in favor of approving the waiver (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Holtz], 185 AD3d 1277, 1280 [2020]; cf. Matter of Sklar, 186 AD3d 1773, 1775 [2020]). Accordingly, we grant his request and proceed to a consideration of the merits of his application.
Our review of his application demonstrates that respondent has complied with the order of suspension and the Rules of this Court governing the conduct of suspended attorneys (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 [*2]AD3d 1767, 1768 [2019]). Further, respondent's recent graduation from law school and successful passage of the bar examination in his home jurisdiction, along with the absence of any criminal, disciplinary, or financial concerns, supports a finding that he possesses the requisite character and fitness (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], 178 AD3d 1191, 1193 [2019]). Finally, we find that respondent's reinstatement would be in the public interest. Respondent's reinstatement would not result in any detriment to the public based on the nature of his misconduct and his clean disciplinary history outside of his current suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1515 [2017]). Further, respondent's return to good standing and work in the Korean private sector establish a tangible benefit to the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Luce], 190 AD3d 1083, 1084 [2021]). Having determined that respondent has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspension in this state (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]), we grant his motion and reinstate him to the practice of law.
Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.