Matter of Toledano (2023 NY Slip Op 00471)

Matter of Toledano

2023 NY Slip Op 00471

Decided on February 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 2, 2023

PM-13-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Reagan Levert Toledano, Respondent. (Attorney Registration No. 4976494.)

Calendar Date:September 26, 2022

Before:Clark, J.P, Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Law Offices of Scalise & Hamilton, PC, Scarsdale (Deborah A. Scalise of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2011 and is also admitted to practice in the District of Columbia and in Louisiana, where he resides and is a partner in a small firm. Respondent was suspended from practice by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2013 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1756 [3d Dept 2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He cured his registration delinquency in January 2022 and now applies for reinstatement by motion made returnable September 26, 2022, as well as for a waiver of the Multistate Professional Responsibility Exam (hereinafter MPRE) requirement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has responded to the motion by September 22, 2022 correspondence, wherein it does not object to respondent's reinstatementand defers to our discretion as to disposition of respondent's motion.[FN1]
Turning, first, to the procedural rules that govern this matter (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]), we note that respondent has been suspended for approximately 10 years as of the filing of his motion for reinstatement. He therefore properly completed an affidavit in conformance with Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]).[FN2]
As respondent concedes, however, he has not provided proof of his successful completion of the MPRE within the one year prior to the date of his application for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). It is well settled that "an applicant must demonstrate good cause for the waiver, which standard may be satisfied by providing assurances that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Callier], 192 AD3d 1375, 1376 [3d Dept 2021] [internal quotation marks and citation omitted]). To that end, " 'proof of analogous professional responsibility course work or retraining in the attorney's home jurisdiction might, under the proper circumstances, justify a waiver' " (Matter of Attorneys in Violation of Judiciary Law § 468-a [Holtz], 185 AD3d 1277, 1280 [3d Dept 2020], quoting Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [3d Dept 2017]). Keeping in mind the purpose of the MPRE requirement is to " 'reemphasize the importance of ethical conduct to attorneys who have been subjected to serious public discipline, and . . . reassure[ ] the general public that such attorneys have [*2]undergone retraining in the field of professional responsibility' " (Matter of Attorneys in Violation of Judiciary Law § 468-a [Dorotan], 211 AD3d 1159, ___, 178 NYS3d 843 [3d Dept 2022] [brackets omitted], quoting Matter of Cooper, 128 AD3d 1267, 1267 [3d Dept 2015]), we conclude that a waiver of the MPRE is appropriate given respondent's completion of CLE credits in his native Louisiana and lack of disciplinary history (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Callier], 192 AD3d at 1376).
As to the merits of respondent's application, " '[a]n attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, that he or she has complied with the order of suspension and this Court's rules, that he or she has the requisite character and fitness to practice law, and that reinstatement would be in the public's interest' " (Matter of Attorneys in Violation of Judiciary Law § 468-a [Andison], 211 AD3d 1307, ___, 179 NYS3d 498, 500-501 [3d Dept 2022], quoting Matter of Edelstein, 150 AD3d 1531, 1531 [3d Dept 2017]). Respondent attests he has not engaged in the practice of law in any form in New York, accepted any new retainer or otherwise agreed to represent any legal client in New York or solicited or procured legal business for any attorney in New York. As such, we conclude that respondent has established by clear and convincing evidence that he has complied with the order of suspension (see Matter of Edelstein, 150 AD3d at 1531; Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1514 [3d Dept 2017]).
Turning to respondent's character and fitness and the public's interest in his reinstatement, respondent is in good standing in Louisiana and Washington, D.C., the other two jurisdictions in which he is licensed to practice law. Respondent attests that he has not been subject to any other professional discipline in any other court or jurisdiction.[FN3] Here, his submissions, "combined with the nature of the misconduct giving rise to his suspension, demonstrate that he possesses the requisite character and fitness for the practice of law and it would be in the public's best interest to reinstate him" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Andison], 179 NYS3d at 501; see Matter of Attorneys in Violation of Judiciary Law §468-a [Menar], 185 AD3d 1200, 1202 [3d Dept 2020]). We therefore grant respondent's application and reinstate him to practice in New York.
Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the motion for reinstatement by respondent is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: Similarly, the Lawyers' Fund for Client Protection has no objection and defers to this Court's discretion.

Footnote 2:The bar is remined that this Court's recently amended rules govern this procedure for applications filed after September 1, 2022 wherein the respondent is seeking reinstatement from a suspension resulting solely from his or her violation of Judiciary Law § 468-a (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [eff. Sep. 1, 2022]).

Footnote 3: Respondent notes that he has received an administrative suspension in Washington, D.C., which has since been cured.