Matter of Rothenberg (2026 NY Slip Op 00184)

Matter of Rothenberg

2026 NY Slip Op 00184

Decided on January 15, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 15, 2026

PM-09-26
[*1]In the Matter of Michael Louis Rothenberg, a Disbarred Attorney. Committee on Professional Standards, Now Known as Attorney Grievance Grievance Committee for the Third Judicial Department, Petitioner; Michael Louis Rothenberg, Respondent. (Attorney Registration No. 4695011.)

Calendar Date:January 5, 2026

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Michael Louis Rothenberg, Hoover, Alabama, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2009, following his admission in Georgia in 2002, where he last maintained an office to practice law. Respondent voluntarily resigned from the practice of law before the Supreme Court of Georgia following his federal conviction of the crime of wire fraud. By April 2014 order of this Court, respondent was disbarred as a consequence of his adjudicated Georgia misconduct (116 AD3d 1334 [3d Dept 2014]). Respondent applied for reinstatement by motion made returnable August 19, 2024. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposed the motion, in part, based upon the insufficiency thereof. Respondent was heard in reply.
A disbarred attorney seeking reinstatement in New York must apply by form affidavit prescribed in Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240. That attorney's application must include other documentary support (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [b]; see also Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15 [f]), including proof of the successful passage of the Multistate Professional Responsibility Examination (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [3d Dept 2017]). Upon this Court's initial review of respondent's application, respondent's application did not contain proof of his successful passage of the Multistate Professional Responsibility Examination in this state. Accordingly, we referred that application to a subcommittee of the Committee on Character and Fitness for a hearing and report, with said hearing being conditioned upon respondent's submission of proof establishing his successful passage of the Multistate Professional Responsibility Examination by December 31, 2025; otherwise, his application would be subject to denial (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a], [b];Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a] [5]).
To date, respondent has not provided evidence that he has successfully passed the Multistate Professional Responsibility Examination, despite being given ample opportunity to do so. Accordingly, respondent's application for reinstatement to the practice of law is deficient and must be denied for failing to comply with the mandates of the Rules of Professional Conduct § 1240.16 (b) (see Matter of Conlon, 163 AD3d 1261, 1262 [3d Dept 2018]; Matter of Tendler, 146 AD3d 1314, 1314-1315 [3d Dept 2016]). Our denial of respondent's motion for reinstatement is without prejudice to any future motion respondent elects to file with this Court that is in full compliance with the Rules of this Court (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16).
Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that respondent's motion for reinstatement is denied.