Matter of Attorneys in Violation of Judiciary Law § 468-a. (Holtz) (2020 NY Slip Op 03973)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a. (Holtz)

2020 NY Slip Op 03973

Decided on July 16, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 16, 2020

PM-90-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Jonathan Paul Holtz, Respondent. (Attorney Registration No. 4606273.)

Calendar Date: June 22, 2020
Before: Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Jonathan Paul Holtz, Scotch Plains, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2008 and currently lists a business address in New Jersey, where he is also admitted. Respondent was suspended from the practice of law by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2010 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1728 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He cured his registration delinquency in December 2019 and now applies for reinstatement, further requesting a waiver of the requirement that he successfully complete the Multistate Professional Responsibility Examination (hereinafter MPRE) as part of his motion (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the motion, raising concerns regarding respondent's application and compliance with the order of suspension.[FN1] In reply, respondent submits correspondence and additional documentation addressing AGC's concerns.
"All attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020] [citations omitted]). Initially, given the length of his suspension, respondent has properly submitted a duly-sworn form affidavit consistent with the form set forth in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, along with the appropriate attachments as delineated therein (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]).
As to respondent's compliance with the order of suspension, he attests that he has not practiced law in New York since his suspension and provides proof of his employment as a trial attorney with a law firm in New Jersey. Correspondence submitted by the law firm in support of respondent's motion confirms that he has not engaged in the practice of law in New York. AGC raises concerns regarding the law firm's website during the relevant time period, which included respondent's admission to the New York bar in a general list of credentials without noting his suspension. Notably, however, the website's lengthy description of respondent's legal career referenced only his activities in New Jersey. Respondent explains that the failure to update the website following his suspension was inadvertent, and he submits proof that the website has since been updated accordingly. As to his failure to submit his 2019 tax return, he asserts that he received an extension to file it and, thus, it does not yet exist. Regarding his failure to file an affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 21), we find that his statements in his appendix C affidavit submitted as part his application for reinstatement have cured this defect (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [c]; part 1240, appendix C; Matter of Attorneys in Violation of Judiciary Law § 468-a [Hui-Ju Wang], 183 AD3d 1225, 1227 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [2019]). In view of the foregoing, we find that respondent has demonstrated by clear and convincing evidence that he has complied with the order of suspension and the rules governing the conduct of suspended attorneys (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d at 1317-1318; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15; compare Matter of Barry, 176 AD3d 1474, 1475-1476 [2019]).
The length of respondent's suspension further required him to submit proof of passage of the MPRE within one year prior to applying for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]), a requirement for which he now requests a waiver. The purpose of the MPRE requirement is to "reemphasize[] the importance of ethical conduct to attorneys who have been subjected to serious public discipline, and it also reassures the general public that such attorneys have undergone retraining in the field of professional responsibility" (Matter of Cooper, 128 AD3d 1267, 1267 [2015]). As such, a request for a waiver of this requirement must be supported by a demonstration of "good cause" such as assurances "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]). As we have previously noted, "proof of analogous professional responsibility course work or retraining in the attorney's home jurisdiction might, under the proper circumstances, justify a waiver" (id.). Here, respondent submitted proof of his extensive legal ethics training related to his participation as a court-appointed attorney investigator on a New Jersey ethics committee. Further, respondent's suspension was based solely upon his failure to comply with registration requirements (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1707-1708 [2019]), and there is no indication that he has ever been the subject of other discipline in this or any other jurisdiction. Under the circumstances presented, respondent has provided sufficient assurances warranting a waiver of the MPRE requirement (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d at 1224).
In view of respondent's application in its entirety, we also find that respondent has sufficiently demonstrated the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Hui-Ju Wang], 183 AD3d at 1227-1228; Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d at 1318). Accordingly, we grant respondent's motion and reinstate him to the practice of law.
Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: The Lawyer's Fund for Client Protection has advised that there are no open claims against respondent.