Matter of Attorneys in Violation of Judiciary Law § 468-a (Coggan) (2021 NY Slip Op 05383)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Coggan)

2021 NY Slip Op 05383

Decided on October 7, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 7, 2021

PM-126-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Jay Marshall Coggan, Respondent. (Attorney Registration No. 4483590.)

Calendar Date:August 27, 2021
Before:Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
O'Connell & Aronowitz, Albany (Francis J. Smith of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2007 and is also currently admitted to practice in California. By May 2019 order of this Court, respondent was suspended from the practice of law indefinitely in this state for conduct prejudicial to the administration of justice arising from his failure to comply with the attorney registration requirements of Judiciary Law § 468-a since the 2015-2016 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1717 [2019]). Having cured his registration delinquency in July 2020, respondent now moves for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). Respondent submitted a supplemental affidavit in support of his application in June 2021 and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) submitted correspondence in August 2021 advising that it opposes respondent's motion. Respondent has since submitted a second supplemental affidavit addressing AGC's points in opposition.
In support of his application, respondent has properly submitted a sworn affidavit in the form set forth in appendix C to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, along with the required exhibits for our consideration (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Respondent has also provided proof that he successfully completed the Multistate Professional Responsibility Examination within one year of filing his application, as is required for all attorneys who have been suspended for more than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Finally, respondent has provided proof that he has cured his registration delinquency and Office of Court Administration records reflect that he is current with his registration obligations. Accordingly, as respondent has satisfied the threshold requirements for his reinstatement application, we proceed to our consideration of its merits.
To this end, we find that respondent has established by clear and convincing evidence that he has satisfied the three-part test applicable to all attorneys seeking reinstatement from disciplinary suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d 1318, 1318-1319 [2021]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). We initially find that respondent has properly established his compliance with the order suspending him and the Rules of this Court governing the conduct of suspended attorneys. In this respect, although respondent concedes that he failed to file a timely affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]), he satisfactorily explains that he did not engage in the practice of law in this state and the whole of his application confirms as much.
Concerning his character and fitness, respondent [*2]has provided proof that he is currently in good standing in California.[FN1] Respondent also has no history of professional misconduct beyond the registration delinquency underlying his suspension in this state from which he now seeks his reinstatement. Respondent further attests that he has not been the subject of any criminal or governmental investigations, and that there are no financial circumstances or medical or substance abuse history that would negatively impact his reinstatement. Finally, while respondent concedes that he has not participated in any continuing legal education during the period of his suspension, the expertise he has gained while working in public service for nearly 10 years sufficiently demonstrates that he possesses the requisite fitness for reinstatement. Moreover, respondent assures that he will abide by the continuing legal education requirements of California and this state upon his stated return to private practice (see Rules of App Div, All Depts [22 NYCRR] § 1500.5 [b] [1]; 1500.22 [n] [1]). Accordingly, we find that respondent has sufficiently demonstrated his character and fitness for reinstatement (see Matter of Attorneys in Violation of Judiciary Law 468-a [Kelly], 190 AD3d 1253, 1255 [2021]).
Finally, we find that respondent has established that his reinstatement is in the public interest. Respondent's application reveals that no detriment would inure to the public from his reinstatement, and the experience garnered during his many years of government service will provide a tangible benefit to the public upon his return to private practice (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lee], 172 AD3d 1878, 1879 [2019]; Matter of Attorneys in Violation of Judiciary Law 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]). We therefore grant respondent's motion and reinstate him to the practice of law.
Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effectively immediately.
Footnotes

Footnote 1: Respondent was previously admitted to the practice of law in the District of Columbia, but has advised this Court that he has resigned from the bar in that jurisdiction.