Matter of Attorneys in Violation of Judiciary Law § 468-a (Whitaker) (2021 NY Slip Op 06141)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Whitaker)

2021 NY Slip Op 06141

Decided on November 10, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2021

PM-152-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Jonathan Jamaal Whitaker, Respondent. (Attorney Registration No. 5181698.)

Calendar Date:October 4, 2021
Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Jonathan Jamaal Whitaker, Riviera Beach, Florida, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2013
and is also admitted to practice in Florida, where he currently lists a business address with the Office of Court Administration. Respondent was suspended from the practice of law by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning with the 2013-2014 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1759 [2019]). Respondent cured his registration delinquency in June 2021 and now moves for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes respondent's application.
As a threshold matter, an attorney seeking reinstatement from a suspension of six months or greater must submit a duly sworn affidavit in the form prescribed in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, along with the required exhibits, and must also submit proof that he or she has successfully passed the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year of filing his or her application (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Oketunji], 186 AD3d 923, 923-924 [2020]). Although respondent has submitted the proper affidavit in support of his application, he has not submitted proof of successful MPRE passage, and instead seeks a waiver of that requirement, which we may grant upon a demonstration "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]). In determining whether a respondent is entitled to a waiver, we must consider the purpose of the MPRE requirement itself, which is to "reemphasize[] the importance of ethical conduct to attorneys who have been subjected to serious public discipline, and . . . reassure[] the general public that such attorneys have undergone retraining in the field of professional responsibility" (Matter of Cooper, 128 AD3d 1267, 1267 [2015]; see Matter of Attorneys in Violation of Judiciary Law § 468-a [Holtz], 185 AD3d 1277, 1279 [2020]).
Our review of respondent's application materials confirms that a waiver of the MPRE requirement is appropriate under the circumstances. Respondent has cured his registration delinquency and, other than his current suspension from which he seeks reinstatement, he has a blemish-free disciplinary history (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Pastor], 194 AD3d 1307, 1309 [2021]). Further, respondent provides proof that he regularly completed his required annual ethics training for his prior public sector employment, thereby mitigating the need for further ethical retraining (see Matter [*2]of Attorneys in Violation of Judiciary Law § 468-a [Lance], 192 AD3d 1321, 1323 [2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], 185 AD3d 1379, 1381 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Holtz], 185 AD3d at 1280). We therefore grant respondent's request and proceed to the merits of his application.
To this end, we first find that respondent's attestations in his belated affidavit of compliance and his appendix C affidavit clearly and convincingly demonstrate his compliance with the order suspending him (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Vatti], 195 AD3d 1231, 1232 [2021]). As to his character and fitness, respondent has submitted proof of his previous lengthy employment in the public sector, and he further attests in his form affidavit that he has no criminal or disciplinary history, has not been the subject of any governmental investigations and is not encumbered by any financial circumstances or medical or substance abuse history that would negatively impact his reinstatement. Further, respondent provides proof that he is currently in good standing in his home jurisdiction (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Murray], 192 AD3d 1317, 1319 [2021]). Accordingly, we find that he has clearly and convincingly demonstrated that he possesses the requisite character and fitness for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Toussaint], 196 AD3d 830, 831 [2021]). Finally, we find that respondent's past work in the public sector, and the experience he brings to his new employment, provide a tangible benefit to the public, and there is no indication that any detriment would result from his reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Breslow], 193 AD3d 1175, 1176 [2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Luce], 190 AD3d 1083, 1084 [2021]). Overall, we find that respondent has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspension, and we therefore grant his motion and reinstate him to the practice of law.
Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effectively immediately.