Matter of Attorneys in Violation of Judiciary Law § 468-a (Colston) (2021 NY Slip Op 06140)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Colston)

2021 NY Slip Op 06140

Decided on November 10, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2021

PM-151-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Cheryl Janette Colston, Respondent. (Attorney Registration No. 3070844.)

Calendar Date:October 4, 2021
Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Law Offices of Sarah Diane McShea (Sarah Diane McShea of counsel), New York City, for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2000. She was previously admitted in her home jurisdiction of Illinois in 1987, where she currently works as counsel for the Chicago Housing Authority. Respondent was suspended from the practice of law by September 2009 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning with the 2002-2003 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 65 AD3d 1447, 1454 [2009]). Having cured her longstanding registration delinquency in February 2021, respondent now moves for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]), and petitioner advises that it does not oppose her application.
We begin by noting that respondent has largely met the procedural requirements applicable to attorneys who have been suspended for a period of time exceeding six months. First, she provided a receipt from the Office of Court Administration evidencing that she cured her delinquency and is now current in her registration requirements. Further, respondent has submitted an affidavit in the form provided in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 applicable to those attorneys who have been suspended for a period of time greater than six months, and has appended the necessary exhibits for our review. However, respondent has not provided proof of successful passage of the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year prior to her application for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Instead, respondent seeks a waiver of the MPRE requirement, which may be granted upon a showing "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]).
In determining whether a respondent has established good cause for a waiver, we consider the purpose of the MPRE requirement itself, which is to "reemphasize[] the importance of ethical conduct to attorneys who have been subjected to serious public discipline, and . . . reassure[] the general public that such attorneys have undergone retraining in the field of professional responsibility" (Matter of Cooper, 128 AD3d 1267, 1267 [2015]; see Matter of Attorneys in Violation of Judiciary Law § 468-a [Holtz], 185 AD3d 1277, 1279 [2020]). To this point, respondent encloses "'proof of analogous professional responsibility course work'" in the form of continuing legal education (hereinafter CLE) certificates evidencing that she has completed an amount of coursework that exceeds the requirements of her home jurisdiction (Matter of Attorneys in Violation of Judiciary Law § 468-a [Breslow], 193 AD3d 1175, 1176 [2021], quoting Matter [*2]of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d at 1224). Further, respondent has a lengthy career in public service (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d 1221, 1223 [2020]) and has no relevant disciplinary history beyond the suspension from which she currently seeks reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Holtz], 185 AD3d at 1280). We find that, collectively, these factors demonstrate that a waiver is appropriate and we therefore grant respondent's request and proceed to the merits of her application.
In doing so, we find that respondent has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspension in this state (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Respondent has demonstrated her compliance with the order of suspension via her attestations in her belated affidavit of compliance and her appendix C form affidavit, wherein she confirms that she practiced law solely in her home jurisdiction of Illinois through her various public sector positions. As to her character and fitness, respondent's application presents no health or financial concerns, and she has a clean disciplinary history in her home jurisdiction. Further, respondent has demonstrated her commitment to maintaining her legal acumen through her attendance at numerous CLE seminars (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Coggan], ___ AD3d ___, ___, 2021 NY Slip Op 05383, *2 [2021]). Finally, we find that respondent's reinstatement would be in the public interest. Respondent's reinstatement would not result in any detriment to the public based on the nature of her misconduct as well as her clean disciplinary history outside of her current suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1515 [2017]). Further, respondent's longstanding commitment to public service provides a clear tangible benefit to the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Fitzpatrick], 191 AD3d 1229, 1231 [2021]). Accordingly, we grant respondent's motion and reinstate her to the practice of law.
Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.