<HTML>

<HEAD>

<TITLE>Matter of Attorneys in Violation of Judiciary Law §468-a (Oncu) (2020 NY Slip Op 03586)</TITLE>

<STYLE>

BODY {

font-family : "Times New Roman", Times, serif;

font-size : larger;

}

P {

line-height: 150%;

text-indent: 2em

}

</STYLE>

</HEAD>

<BODY bgcolor=#ffffff>

Matter of Attorneys in Violation of Judiciary Law 468-a (Oncu)

2020 NY Slip Op 03586

Decided on June 25, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

<DateLine type="decided" mdy="06252020">Decided and Entered: June 25, 2020</DateLine>

PM-82-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law §468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Melike Suna Oncu, Respondent. (Attorney Registration No. 2894541.)

<DateLine type="prior_case_filed">Calendar Date: June 8, 2020</DateLine>

Before: Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.

Harris Beach PLLC, Albany (Elliot A. Hallak of counsel), for respondent.

Per Curiam.

Respondent was admitted to practice by this Court in 1998 and presently lists a business address with the Office of Court Administration in Maryland. By January 2014 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (Matter of Attorneys in Violation of Judiciary Law § 468, 113 AD3d 1020, 1046 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). At the time that petitioner's application to suspend respondent, among others, was filed in October 2013, respondent had not fulfilled her attorney registration requirements since the 2006-2007 biennial period. Notably, while respondent cured her registration delinquency in June 2018, she did not immediately seek reinstatement. Respondent now moves, by motion returnable on June 8, 2020, for her reinstatement. Noting certain deficiencies therein, petitioner opposes respondent's application,[FN1] and respondent has since submitted supplemental documentation addressing petitioner's concerns.

"All attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this

Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). An applicant for reinstatement must also provide, as a threshold matter, certain required documentation in support of his or her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C).

Initially, given the length of her suspension, respondent properly submits a sworn affidavit in the form set forth in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Office of Court Administration records confirm that respondent is now current with her biennial registration requirements (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Respondent has also submitted sufficient threshold documentation in support of her application, including proof that she successfully completed the Multistate Professional Responsibility Examination, as is required for all attorneys seeking reinstatement following suspensions of six months or more (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Moreover, having reviewed the notice of motion, respondent's affidavits and the submitted materials confirming respondent's compliance with the order of suspension and the Rules of this Court, we find that respondent has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate her to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Mahoney], 179 AD3d 1352 [2020]; Matter of Attorneys in Violation of Judiciary Law

§ 468-a [Sauer], 178 AD3d 1191 [2019]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Koschwitz], 176 AD3d 1300, 1301 [2019]). Under these circumstances, we grant respondent's motion and reinstate her to the practice of law in New York, effective immediately.

Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.

ORDERED that respondent's motion is granted; and it is further

ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: Finding no open claims against respondent, the Lawyers' Fund for Client Protection advises that it does not oppose her reinstatement to the practice of law.

<FORM METHOD="LINK" ACTION="../../slipidx/aidxtable_3.shtml">

<INPUT TYPE="submit" VALUE="Return to Decision List">

</FORM>

</BODY>

</HTML>