Matter of Attorneys in Violation of Judiciary Law § 468-a (Gotuzzo) (2021 NY Slip Op 07054)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Gotuzzo)

2021 NY Slip Op 07054

Decided on December 16, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 16, 2021

PM-179-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Gianina Gotuzzo, Respondent. (Attorney Registration No. 4087094.)

Calendar Date:November 1, 2021
Before:Garry, P.J., Egan Jr., Clark, Aarons and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Gianina Gotuzza, Lima, Peru, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2002 and lists a business address in Lima, Peru, where she was admitted to practice in 1999. Respondent was suspended from the practice of law in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning with the 2010-2011 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1725 [2019]). Having cured her longstanding registration delinquency in August 2021, respondent now moves for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). The Attorney Grievance Committee for the Third Judicial Department opposes respondent's application.
Having been suspended for more than six months, respondent has properly submitted an application that substantially fulfills the procedural requirements of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16. To this end, respondent properly submits an affidavit in the form provided in appendix C to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 along with the necessary exhibits, and Office of Court Administration records demonstrate that she has cured her delinquency and is now current in her registration requirements. However, rather than submit proof of successful passage of the Multistate Professional Responsibility Examination (hereinafter MPRE) (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]), respondent instead seeks a waiver of the MPRE requirement. In order to qualify for such a waiver, a respondent must demonstrate "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]). We find that respondent has submitted sufficient justification for a waiver in this instance. To this end, we note that respondent has no disciplinary history in, and attests that she has abided by the ethical requirements of, her home jurisdiction of Peru (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], 185 AD3d 1379, 1381 [2020]). Further, we note that respondent's suspension resulted from misconduct of a lesser degree of severity mitigating the need to require additional ethical retraining (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Holtz], 185 AD3d 1277, 1280 [2020], with Matter of Sklar, 186 AD3d 1773, 1775 [2020]; see Matter of Cooper, 128 AD3d 1267, 1267 [2015]). Accordingly, we grant respondent's request and proceed to the merits of her application.
Our review of respondent's application reveals that respondent has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspension in this state (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d [*2]1317, 1317-1318 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Respondent's submission confirms that her legal practice was limited to her home jurisdiction and that she has complied with the order of suspension and the Rules of this Court governing the conduct of suspended attorneys (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Villamor], 198 AD3d 1261, 1262 [2021]). Further, respondent has demonstrated that she possesses the requisite character and fitness, as she has provided evidence that she remains in good standing in her home jurisdiction and the remainder of her application reveals no criminal, disciplinary or financial concerns (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Kelly], 190 AD3d 1253, 1254-1255 [2021]). Finally, respondent's reinstatement is in the public interest, as the nature of her misconduct as well as her clean disciplinary history outside of her current suspension suggest that the public would suffer no detriment from her return to the practice of law, and her private sector employment in Peru provides a tangible benefit to the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Coggan], 198 AD3d 1062, 1063-1064 [2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Luce], 190 AD3d 1083, 1084 [2021]). We therefore grant respondent's application and reinstate her to the practice of law in this state.
Garry, P.J., Egan Jr., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.