Matter of Attorneys in Violation of Judiciary Law § 468-a. (Garcia-Bokor) (2022 NY Slip Op 01509)





Matter of Attorneys in Violation of Judiciary Law § 468-a. (Garcia-Bokor)


2022 NY Slip Op 01509


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

PM-54-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Amy Beth Garcia-Bokor, Respondent. (Attorney Registration No. 2894715.)

Calendar Date:January 18, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Colangelo and Fisher, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Elaine Fronhofer, New York City, for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 1998 and lists a home address in Washington, DC. Respondent was suspended from the practice of law by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning with the 2010-2011 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1724 [2019]). Having cured her longstanding registration delinquency in March 2021, respondent now moves for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes respondent's application. Respondent has submitted a reply to AGC's opposition and AGC has submitted a sur-reply.
Respondent has properly submitted an application that substantially fulfills the procedural requirements of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16. To this end, as an attorney suspended for more than six months, respondent properly submits an affidavit in the form provided in appendix C to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 along with the necessary exhibits, and Office of Court Administration records demonstrate that she has cured her delinquency and is now current in her registration requirements. Respondent has not submitted proof of successful passage of the Multistate Professional Responsibility Examination (hereinafter MPRE) (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]), and instead asks this Court to waive the MPRE requirement. In order to qualify for such a waiver, a respondent must demonstrate "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]). Noting that respondent's suspension is the result of a registration delinquency, we find that the need for additional ethical retraining is diminished (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Holtz], 185 AD3d 1277, 1280 [2020], with Matter of Sklar, 186 AD3d 1773, 1775 [2020]; see Matter of Cooper, 128 AD3d 1267, 1267 [2015]). Further, respondent has no disciplinary history beyond the suspension from which she seeks reinstatement and is in good standing in every jurisdiction in which she is admitted, including her home jurisdiction of Washington, DC (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Gotuzzo], 200 AD3d 1392, 1393 [2021]). Accordingly, we find that a waiver is justified under the circumstances and grant respondent's request.
Proceeding to our review of the merits of respondent's application, we find that she has clearly and convincingly demonstrated that she has complied with the order of suspension and the Rules of this Court governing the conduct of suspended [*2]attorneys, as she only recently returned from an extended hiatus from the practice of law and has not held herself out as a licensed attorney in this state during that time (cf. Matter of Attorneys in Violation of Judiciary Law § 468-a [Summons], 186 AD3d 968, 969 [2020]). Further, respondent has demonstrated that she possesses the requisite character and fitness, as she attests to having no criminal, disciplinary or financial concerns (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Choi], 200 AD3d 1293, 1294 [2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Amah], 199 AD3d 1157, 1158 [2021]). Finally, respondent's reinstatement is in the public interest, as there is no indication that the public would suffer any detriment from the restoration of her license in this state, and her return to the private practice of law in Washington, DC provides a tangible benefit (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Narayanan], ___ AD3d ___, ___, 2022 NY Slip Op 00933, *1 [2022]). We therefore grant respondent's application and reinstate her to the practice of law in this state.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Colangelo and Fisher, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.