Matter of Attorneys in Violation of Judiciary Law § 468-a (Ahmed) (2022 NY Slip Op 02180)





Matter of Attorneys in Violation of Judiciary Law § 468-a (Ahmed)


2022 NY Slip Op 02180


Decided on March 31, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 31, 2022

PM-65-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Aziza Ahmed, Respondent. (Attorney Registration No. 4710539.)

Calendar Date:January 24, 2022

Before:Garry, P.J., Lynch, Aarons, Pritzker and Ceresia, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Richard M. Maltz, PLLC, New York City (Richard M. Maltz of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2009 and currently serves as a law professor at the University of California, Irvine. She is not admitted to practice in any other jurisdiction. Respondent was suspended from the practice of law by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration requirements beginning with the 2015-2016 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1709 [2019]). Having cured her registration delinquency in June 2019, respondent now applies for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). The Attorney Grievance Committee for the Third Judicial Department has submitted correspondence in response, advising that it does not oppose respondent's application.
Respondent has met the threshold obligations for an applicant seeking reinstatement from a term of suspension longer than six months by properly submitting a duly-sworn form affidavit as provided for in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, along with the necessary exhibits (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Further, respondent provides proof that she successfully passed the Multistate Professional Responsibility Examination administered in August 2021, which falls within one year of the date of her application. Finally, respondent has cured her registration delinquency and is current with her statutory obligations (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]).
We have also determined that respondent has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspension. Respondent's attestations in her application materials demonstrate that she has not practiced law during the period of her suspension and that her employment during that period of time has been in the field of academia. Accordingly, we find that she has sufficiently established her compliance with the order of suspension and the rules governing the conduct of suspended attorneys (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Rogers], 173 AD3d 1427, 1428 [2019]). Respondent has also met her burden to establish her character and fitness for reinstatement. To this end, respondent has no disciplinary history beyond her current suspension stemming from her registration delinquency and further attests that she has not been the subject of any criminal or governmental investigations (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Pastor], 194 AD3d 1307, 1309 [2021]). Further, there are no financial circumstances or medical or substance abuse history that would negatively impact respondent's reinstatement. As to the public interest in her reinstatement, respondent's employment as a law professor and her commitment to participating in continuing legal education during the period of her suspension suggest that no detriment would result from her reinstatement. Moreover, her continuing employment as a law professor along with her involvement in various public service endeavors provide a tangible benefit to the public (see; Matter of Attorneys in Violation of Judiciary Law § 468-a [Toussaint], 196 AD3d 830, 832 [2021]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [Qiao], ___ AD3d ___, ___, 160 NYS3d 674, 674 [2022]). Accordingly, we find that respondent has met the requirements for reinstatement and we therefore grant her motion and reinstate her to the practice of law.
Garry, P.J., Lynch, Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effectively immediately.