Matter of Attorneys in Violation of Judiciary Law § 468-a (Nardo) (2022 NY Slip Op 02478)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Nardo)

2022 NY Slip Op 02478

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

PM-77-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Marilyn Lee Nardo, Also Known as Marilyn Lee Moore, Respondent. (Attorney Registration No. 3057064.)

Calendar Date:January 31, 2022

Before:Lynch, J.P., Clark, Colangelo, Ceresia and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Marilyn Lee Nardo, Georgetown, Massachusetts, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2001 and currently resides in Massachusetts. By May 2019 order of this Court, respondent was suspended from the practice of law indefinitely for conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a since the 2011-2012 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1743 [2019]). Respondent has cured her registration delinquency and now moves for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has submitted correspondence opposing respondent's motion.
AGC primarily contends that respondent, as an attorney suspended greater than six months, has not submitted the necessary papers in support of her reinstatement application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Specifically, AGC notes that respondent's score on the Multistate Professional Responsibility Examination fails to meet the temporal requirement of the rule (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Respondent has otherwise submitted a proper application in the form provided in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 and has supported her application with the documents necessary to our determination. Having considered the totality of the circumstances presented by her application, we find it appropriate in this instance to dispense with the Multistate Professional Responsibility Examination requirement and proceed to the merits of her application.
Our review in that respect reveals that respondent has satisfied the substantive requirements for reinstatement provided for in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 (a), which are applicable to all attorneys seeking reinstatement from suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]). Respondent has clearly and convincingly established that she has complied with the order suspending her and the rules governing the conduct of suspended attorneys, as her application establishes that she has not practiced law on the strength of her New York license during the period of her suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Kelly], 190 AD3d 1253, 1254 [2021]). Further, respondent provides proof that she is an attorney in good standing in Massachusetts, her home jurisdiction, and that she has not been the subject of any criminal or governmental investigations. Respondent also has no financial circumstances or medical or substance abuse history that would raise concerns about her reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [*2][Gotuzzo], 200 AD3d 1392, 1393 [2021]). Accordingly, we find that she has met her burden regarding her character and fitness. Finally, respondent's clean disciplinary history suggests that no detriment would result to the public from her reinstatement, and her return to good standing would provide a tangible benefit (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Kearney], 186 AD3d 972, 974 [2020]). Accordingly, we grant respondent's motion and reinstate her to the practice of law, effective immediately.
Lynch, J.P., Clark, Colangelo, Ceresia and Fisher, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effectively immediately.