Matter of Attorneys in Violation of Judiciary Law § 468-a (Flood) (2022 NY Slip Op 02612)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Flood)

2022 NY Slip Op 02612

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

PM-91-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; James Gerard Flood, Respondent. (Attorney Registration No. 2396091.)

Calendar Date:March 7, 2022

Before:Clark, J.P., Aarons, Colangelo, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Frankfurt, Kurnit, Klein & Selz, PC, New York City (John B. Harris of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1991 and is also admitted to practice in the District of Columbia, where he currently lists a business address with the Office of Court Administration. Respondent was suspended from practice by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning with the 2011-2012 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1723 [2019]). Respondent cured his registration delinquency in August 2021 and now moves for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) does not oppose respondent's application.
We initially find that respondent has properly submitted a reinstatement application in the form prescribed in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, which he must as an attorney seeking reinstatement to the practice of law for a suspension of more than six months in duration. However, that length of suspension also triggers the requirement that he submit proof that he has successfully passed the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year of filing his application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). While respondent's August 2020 MPRE score is sufficient to demonstrate successful passage, respondent concedes that it fails to meet the temporal requirement of the rule. Accordingly, respondent has asked that this Court accept his untimely score. Paying due consideration to the relevant facts revealed in his application, including his extensive participation in continuing legal education coursework since the date of his suspension and his prior service to the public, we grant his request and deem his MPRE score sufficient. Accordingly, we proceed to our consideration of the merits of his application.
Beginning with his compliance with the order of suspension and the rules governing the conduct of suspended attorneys, we find that the combined attestations in his belated affidavit of compliance and his appendix C affidavit establish that he has clearly and convincingly met this requirement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Vatti], 195 AD3d 1231, 1232 [2021]). We also find that respondent has established that he possesses the requisite character and fitness. To this end, respondent has no relevant criminal or disciplinary history, has not been the subject of any governmental investigations and has no financial circumstances or medical or substance abuse history that would negatively impact his reinstatement. Further, respondent is currently in good standing in his home jurisdiction (see Matter of Attorneys in Violation [*2]of Judiciary Law § 468-a [Murray], 192 AD3d 1317, 1319 [2021]). As to the public interest in his reinstatement, we first find that no detriment would inure to the public based upon the nature of his misconduct, his otherwise clean disciplinary record and his participation in extensive continuing legal education seminars over the past year (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ahmed], ___ AD3d ___, ___, 163 NYS3d 462, 463 [2022]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Gotuzzo], 200 AD3d 1392, 1393 [2021]). Finally, we find that respondent's considerable expertise in government affairs, which was gained through his extensive career in public service, would provide a clear tangible benefit to the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Garcia-Bokor], ___ AD3d ___, ___, 163 NYS3d 337, 339 [2022]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowksi], 164 AD3d 1049, 1051 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1515 [2017]). We therefore find that respondent has met the substantive requirements for reinstatement and, accordingly, we grant his motion and reinstate him to the practice of law.
Clark, J.P., Aarons, Colangelo, Fisher and McShan, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.