Matter of Attorneys in Violation of Judiciary Law § 468-a (Jebeyli) (2022 NY Slip Op 06222)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Jebeyli)

2022 NY Slip Op 06222

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

PM-186-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Chahdan Jebeyli, Respondent. (Attorney Registration No. 2593341.)

Calendar Date:July 25, 2022

Before:Garry, P.J., Clark, Pritzker, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Chahdan Jebeyli, Beirut, Lebanon, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1994.
He currently lives in Lebanon, where he has been employed by an international bank since 2007. Respondent was suspended from the practice of law in this state by January 2014 order of this Court for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 beginning in 2008 (113 AD3d 1020, 1036 [3d Dept 2014]). He cured his registration delinquency in November 2021 and now moves for his reinstatement by motion marked returnable July 25, 2022. Petitioner, although not opposing the motion, has identified various deficiencies in respondent's application. In response to these concerns, respondent has supplemented his application with additional documentation.
Initially, we note that respondent has satisfied the procedural requirements for an attorney seeking reinstatement to the practice of law from a suspension of more than six months (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1318 [3d Dept 2020]) by, among other things, submitting a sworn affidavit in the proper form set forth in appendix C to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]).[FN1] He has also submitted sufficient threshold documentation in support of his application, including proof of his successful completion of the Multistate Professional Responsibility Examination, as required (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [3d Dept 2018]). As to respondent's failure to file the required affidavit of compliance following the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 21), we find that his statements included in his appendix C affidavit have sufficiently cured this defect (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [c]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C; Matter of Attorneys in Violation of Judiciary Law § 468—a [Kelly], 190 AD3d 1253, 1254 [3d Dept 2021]). Finally, we determine that respondent has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspension or disbarment (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Oncu], 184 AD3d 1071, 1072 [3d Dept 2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]), inasmuch as his statements and submissions demonstrate his compliance with the order of suspension and the Rules of this Court, that he clearly and convincingly possesses the requisite character and fitness for the practice of law, and that it would be in the public's interest to reinstate him to the practice of law in New York[*2](see Matter of Attorneys in Violation of Judiciary Law § 468-a [Patel], 187 AD3d 1489, 1490 [3d Dept 2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Wilson], 186 AD3d 1874, 1875 [3d Dept 2020]). Accordingly, we grant respondent's motion.
Garry, P.J., Clark, Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: Respondent filed his application for reinstatement prior to the September 1, 2022 effective date of recent amendments to this Court's Rules which would have otherwise altered the procedural requirements for respondent's motion (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c]).