Matter of Attorneys in Violation of Judiciary Law § 468-a (Policastro) (2022 NY Slip Op 06532)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Policastro)

2022 NY Slip Op 06532

Decided on November 17, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 17, 2022

PM-190-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Marc David Policastro, Respondent. (Attorney Registration No. 2535003.)

Calendar Date:July 18, 2022

Before:Lynch, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Marc David Policastro, Rumson, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1993 and was previously admitted in 1990 in his home jurisdiction of New Jersey, where he currently resides and practices law. Respondent was suspended from practice by September 2009 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2008 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 65 AD3d 1447, 1472 [3d Dept 2009]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He cured his registration delinquency in May 2021 and now moves for his reinstatement. Petitioner opposes respondent's application, noting various deficiencies. In an attempt to address petitioner's concerns, respondent submits a supplemental affidavit, together with additional supporting documentation.
Initially, we find that respondent has substantially fulfilled the procedural requirements for an attorney seeking reinstatement to the practice of law from a suspension of more than six months (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1318 [3d Dept 2020]). To this end, he has, among other things, submitted a sworn affidavit in the proper form set forth in appendix C to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]) together with the necessary supporting documentation.[FN1] Moreover, Office of Court Administration records reflect that respondent has cured his registration delinquency and remains current in his registration requirements. Although respondent submits proof of his recent successful passage of the Multistate Professional Responsibility Examination (hereinafter MPRE) (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]), he admits his failure to file the instant application within one year of having taken the exam, as required, and accordingly requests a waiver of the MPRE requirement. To qualify for such a waiver, an applicant must demonstrate, as is pertinent here, "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [3d Dept 2017]; accord Matter of Attorneys in Violation of Judiciary Law § 468-a [Demenge], 206 AD3d 1217, 1218 [3d Dept 2022]). In view of respondent's recent MPRE passage, his otherwise unblemished disciplinary history, his good standing in his home jurisdiction and his consistent participation in legal ethics training, we find that a waiver is appropriate in this instance and therefore grant his request (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Garcia-Bokor], 203 AD3d 1384, 1385 [3d Dept 2022]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Whitaker], 199 AD3d 1161, 1162 [3d Dept 2021]; Matter of Attorneys in Violation of Judiciary Law § 468[*2]-a [Colston], 199 AD3d 1159, 1160 [3d Dept 2021]).
Turning to the merits of respondent's application, we first find that respondent's failure to file the required affidavit of compliance following the order of suspension has been cured by his statements included in his appendix C affidavit (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [c]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 21; Matter of Attorneys in Violation of Judiciary Law § 468—a [Kelly], 190 AD3d 1253, 1254 [3d Dept 2021]). Taking respondent's statements and submissions collectively, we further determine that he has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspension or disbarment (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Oncu], 184 AD3d 1071, 1072 [3d Dept 2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]), inasmuch as he has clearly and convincingly demonstrated his compliance with the order of suspension and the Rules of this Court, that he possesses the requisite character and fitness for the practice of law, and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Patel], 187 AD3d 1489, 1490 [3d Dept 2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Wilson], 186 AD3d 1874, 1875 [3d Dept 2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], 185 AD3d 1379, 1381 [3d Dept 2020]; compare Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017]). Accordingly, we grant respondent's motion.
Lynch, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: Respondent filed his application for reinstatement prior to the September 1, 2022 effective date of recent amendments to this Court's Rules, which would have otherwise altered the procedural requirements for respondent's motion (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c]).