Matter of Attorneys in Violation of Judiciary Law § 468-a (Lawson) (2022 NY Slip Op 06854)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Lawson)

2022 NY Slip Op 06854

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

PM-203-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Loryn Michelle Lawson, Respondent. (Attorney Registration No. 4427621.)

Calendar Date:July 25, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Loryn Michelle Lawson, Tinton Falls, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to the practice of law by this Court in 2006. She was also admitted two years earlier in her home jurisdiction of New Jersey, where she currently resides and practices employment law and commercial litigation. By January 2014 order of this Court, respondent was suspended for conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a since 2008 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1040 [3d Dept 2014]). Respondent has since cured her registration delinquencies and now moves for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). Petitioner, although not opposing the motion, has identified various deficiencies in respondent's application.
Initially, each attorney "seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Oncu], 184 AD3d 1071, 1072 [3d Dept 2020] [internal quotation marks and citation omitted]). "An applicant for reinstatement must also provide, as a threshold matter, certain required documentation in support of his or her application" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Wilson], 186 AD3d 1874, 1875 [3d Dept 2020] [citations omitted]). To this end, and as respondent has been suspended for a period greater than six months, she has properly submitted a duly-sworn form affidavit as is provided in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [3d Dept 2017]).[FN1] She has also appropriately submitted proof of her passage of the Multistate Professional Responsibility Examination within one year of the instant application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]), as well as proof of her good standing in New Jersey. As to respondent's failure to timely file the required affidavit of compliance following the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 21), we find that her statements included in her appendix C affidavit have sufficiently cured this defect (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [c]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 15-17, 19-20; Matter of Attorneys in Violation of Judiciary Law § 468—a [Kelly], 190 AD3d 1253, 1254 [3d Dept 2021]).
Turning to the merits [*2]of her application, we find that respondent has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Oncu], 184 AD3d at 1072; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). In this regard, her statements and submissions clearly and convincingly demonstrate her compliance with the order of suspension and the Rules of this Court, including the prohibition on the unauthorized practice of law. She has likewise demonstrated that she possesses the requisite character and fitness for the practice of law, and that her reinstatement would be in the public's interest (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Patel], 187 AD3d 1489, 1490 [3d Dept 2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Wilson], 186 AD3d at 1875). Accordingly, we grant respondent's motion and reinstate her to the practice of law in this state.[FN2]
Egan Jr., J.P., Aarons, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: We take the opportunity to remind the bar that the Court's procedural rules have been amended for all applications filed after September 1, 2022 where the respondent is seeking reinstatement from a suspension resulting solely from his or her violation of Judiciary Law § 468-a.

Footnote 2: Although respondent has indicated her intention to resign from the New York bar upon her reinstatement, no formal application to that effect has been filed with this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.22).